### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

INDIA F. PORTER,

       Petitioner,

v.

MILLICENT WARREN,

       Respondent.

_____/

CASE NO. 4:13-CV-11249
HONORABLE TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE (DKT. 5)

This is a habeas corpus case filed by a Michigan prisoner incarcerated at the Huron Valley Correctional Facility. On December 12, 2002, Petitioner was convicted after a trial in the Wayne Circuit Court of assault with intent to commit murder, felon in possession of a firearm, and commission of a felony with a firearm. The trial court sentenced Petitioner to concurrent terms of 23-to-40 years for the assault and 3-to-7 years for the felon in possession, to be served consecutively with a two-year sentence for the felony-firearm conviction. Petitioner has filed a motion (Dkt. 5) to stay the habeas corpus proceeding, to permit her to exhaust her state court remedies with respect to a claim that her trial attorney was ineffective for failing to advise her to accept a plea bargain offer. For the reasons stated below, the Court GRANTS Petitioner's motion, holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust this claim.

1

# I. BACKGROUND

Following her conviction, Petitioner filed an appeal of right in the Michigan Court of Appeals. The state appellate court affirmed. *People v. Porter*, No. 247486 (Mich. Ct. App. June 29, 2004). Petitioner then sought relief in the Michigan Supreme Court, but that court denied leave to appeal. *People v. Porter*, No. 126880 (Mich. Sup. Ct. May 31, 2005).

Following her direct appeal, Petitioner returned to the trial court and filed two rounds of post-conviction review. She states that she filed her first motion for relief from judgment in the trial court on August 2, 2006, and that proceeding continued until relief was denied by the Michigan Supreme Court on April 28, 2008. Petitioner states that she filed her second motion for relief from judgment, containing her ineffective assistance of counsel claim, on May 23, 2012. The trial court denied the motion on October 5, 2012. Petitioner alleges that she is in the process of pursuing appellate relief on this claim in the state courts.

Petitioner has now filed a motion to stay proceedings in this case. Petitioner contends that her current claim is based upon the Supreme Court decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), where the Supreme Court held that a defense attorney has a duty to communicate all plea bargains to a defendant and properly advise the defendant about whether or not she should plead guilty. Petitioner argues that this case should be applied retroactively to her case and afford her an opportunity for habeas relief.

# II. DISCUSSION

2

The instant petition is subject to dismissal, because Petitioner, by her own admission, has yet to exhaust her claim with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has done, and then ask for the petition to be held in abeyance pending the exhaustion of

3

state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

In the present case, petitioner's claim does not appear to be "plainly meritless." Moreover, it appears as though Petitioner is arguing that her ineffective assistance of counsel claim involving her attorney's failure to properly advise her to accept the prosecutor's plea bargain offer was not ripe until the Supreme Court handed down the *Lafler* decision. The mere fact that Petitioner's sole claim is unexhausted does not prevent this Court from holding his petition in abeyance because "the Supreme Court has indicated that a petitioner may file a 'protective' petition meriting a stay under *Pace* (sic) even where only unexhausted claims are at issue." *Heleva v. Brooks*, 581 F. 3d 187, 192 (3rd Cir. 2009).

The Court is aware that Petitioner has already filed one post-conviction motion in the Michigan courts. Under MCR 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 Fed. Appx. 414, 418 (6th Cir. 2005). However, MCR 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the earlier motion for relief from judgment or a claim of new evidence that was not discovered before the first such

4

motion. *Banks*, 149 Fed. Appx. at 418. Petitioner contends that her ineffective assistance of counsel claim is based on a retroactive change in the law by the Supreme Court. While the state trial court apparently disagreed that *Lafler* created a new rule, neither the United States Supreme Court nor the Michigan Supreme Court has yet to indicate whether *Lafler* is a new rule of constitutional law that should be applied retroactively to cases on collateral review. Because there is at least a possibility that the Michigan appellate courts might permit Petitioner to pursue a second round of post-conviction review pursuant to the exception contained in MCR 6.502(G)(2) for a claim based on a retroactive change in the law, a procedural bar to Petitioner pursuing relief in the state court is not clearly applicable.  Therefore, this Court should grant Petitioner a stay of proceedings to permit her to continue to exhaust her claim in the state courts. *See Banks*, 149 Fed. Appx. at 419-20.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting her state court remedies, this Court will impose upon Petitioner time limits within which she must proceed with her state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

In order to avoid Petitioner being time-barred from seeking habeas relief following her return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon Petitioner diligently pursuing

5

relief in the state courts, which she has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of her state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

## III. CONCLUSION

Accordingly, it is ORDERED that the petition for writ of habeas corpus shall be held in abeyance, pending the completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner re-filing her habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings.  To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).  It is further ORDERED that, upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on April 30, 2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

6