UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INDIA PORTER,

                      Petitioner,                    Case Number 4:13-cv-11249
                                                          Honorable Terrence G. Berg

ANTHONY STEWART,

                      Respondent.
_____/

**OPINION AND ORDER 1) GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT [DKT. 12], 2) DISMISSING AMENDED
PETITION FOR WRIT OF HABEAS CORPUS [DKT. 7], AND 3) DENYING
A CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL
IN FORMA PAUPERIS**

India Porter, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges her Wayne Circuit Court convictions for two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, possession of a firearm by a felon, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to 23-to-40 years for the assault conviction, 3-to-7 years for the felon in possession conviction, and a consecutive 2-year term for the felony-firearm conviction. The amended petition claims that Petitioner was denied the effective assistance of counsel when her trial attorney misadvised her concerning the benefits of a plea offer, resulting in her receiving longer sentence because she was convicted at trial.

This matter is before the Court on Respondent's motion for summary judgment, in which he asks the Court to dismiss the petition as untimely. Petitioner filed a response to the motion asserting that because her claim is based on the recent decision in *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), it was timely filed. For the reasons set forth below, the Court concludes that the petition was not timely filed.  Consequently, the Court will grant the motion for summary judgment. The Court will also deny a certificate of appealability and leave to appeal in forma pauperis.

## I. Background

On December 12, 2002, Petitioner was convicted after a jury trial of the offenses indicated above. Petitioner filed an appeal of right, but on June 29, 2004, the Michigan Court of Appeals issued an unpublished opinion affirming Petitioner's convictions. *People v. Porter*, No. 247486, 2004 WL 1460675, at *1 (Mich. Ct. App. June 29, 2004).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was denied on May 31, 2005. *People v. Porter*, 696 N.W.2d 719 (Mich. 2005) (table).

On May 17, 2006, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion in an opinion dated August 2, 2006. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On October 23, 2007, the Michigan Court of Appeals denied the application. *People v. Porter*, No. 279449 (Mich. Ct. App. Oct. 23, 2007). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was denied on April 28, 2008. *People v. Porter*, 747 N.W.2d 274 (Mich. 2008) (table).

Over four years later, on May 23, 2012, Petitioner filed a second motion for relief from judgment in the trial court asserting her claim under *Lafler v. Cooper*. On October 5, 2012, the trial court rejected the motion, as prohibited by Michigan Court Rule 6.502(G)(2). Petitioner attempted to file a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application as being untimely filed. *People v. Porter*, No. 315789 (Mich. Ct. App. July 23, 2013). Petitioner filed an application for leave to appeal in the Michigan Supreme Court that was denied on November 25, 2013. *People v. Porter*, 839 N.W.2d 217 (Mich. 2013) (table).

While she was still pursuing her second round of state post-conviction remedies, Petitioner filed the instant action on March 21, 2013. Petitioner also filed a motion to stay the case so that she could complete exhaustion of her new claim. The Court granted the stay (Dkt. 6). Petitioner filed her amended petition on January 15, 2014, and the case was reopened on March 24, 2015.

## II. Discussion

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of

evidence to support a claim, then the nonmovant must demonstrate by affidavits,

depositions, answers to interrogatories and admissions that a genuine issue of

material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This

standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*,

295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-

year statute of limitations applies to an application for writ of habeas corpus by a

person in custody pursuant to a judgment of a state court. The one-year limitations

period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent tolling, a petition for writ of habeas corpus must be dismissed if it is

filed after the limitations period expires.  *See* 28 U.S.C. § 2244(d)(1); *Allen v.*

*Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

First, there is no question that if the applicable starting point for the
limitations period is when Petitioner's conviction "became final by the conclusion of
direct review or the expiration of the time for seeking such review" under §
2244(d)(1)(A), the petition was untimely filed. "Direct review," for purposes of
subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the
state courts and to the United States Supreme Court has been exhausted. *Jimenez
v. Quarterman*, 555 U.S. 113, 119 (2009). The Michigan Supreme Court denied
Petitioner's application for leave to appeal on May 31, 2005. The time for filing a
petition for a writ of certiorari in the United States Supreme Court expired ninety
days later, on August 29, 2005. The limitations period began running the next day,
August 30, 2005.

Petitioner filed her first state post-conviction review proceeding in the state
trial court on May 17, 2006. This filing acted to start tolling the limitations period
under 28 U.S.C. § 2244(d)(2). Before the period starting tolling under this provision,
however, 262 days elapsed on the limitations period. The filing for state post-
conviction review did not reset the limitation period. *See Payton v. Brigano*, 256
F.3d 405, 408 (6th Cir. 2001).

The period of statutory tolling ended on April 28, 2008, when the Michigan
Supreme Court denied relief. At that point Petitioner had another 103 days
remaining on the limitations period, or until August 9, 2008, to initiate her habeas
action. Petitioner, however, did not file anything in any court until she filed a
second motion for relief from judgment in the trial court on May 23, 2012, nearly

four years later. Accordingly, if §2244(d)(1)(A) provides the starting point for the limitations period, the petition was untimely filed by a wide margin.

Petitioner responds by asserting that §2244(d)(1)(C) constitutes the starting point for the limitations period because her claim is based on *Lafler v. Cooper, supra,* and its companion case, *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), which were decided by the United States Supreme Court on March 21, 2012. Petitioner argues that after *Frye* and *Cooper* were decided she immediately filed her second motion for relief from judgment in the trial court, and then filed the instant action along with a motion to stay.

This argument is without merit. 28 U.S.C. § 2244(d)(1)(C) indicates that the one-year limitations period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been *newly recognized* by the Supreme Court and *made retroactively applicable* to cases on collateral review" (emphasis added). A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review. *See Wiegand v. United States*, 380 F. 3d 890, 892-893 (6th Cir. 2004).

*Frye* and *Cooper* do not present newly recognized rules of constitutional law that would delay the commencement of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C). The Supreme Court in *Frye* "merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and established in the

-6-

plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985)." *Hare v. U.S.*, 688 F. 3d 878, 879 (7th Cir. 2012) (holding that *Frye* did not announce a new rule of constitutional law that would permit defendant to file a successive motion to vacate sentence). Thus, as several federal Circuit Courts of Appeals have held, *Frye* and *Lafler* did not set forth a "newly recognized" right that is retroactively applicable to cases on collateral review, so as to extend the one-year limitations period. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Navar v. Warden Fort Dix FCI*, 569 F. App'x 139, 140 n.1 (3d Cir. 2014); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012); *Baker v. Ryan*, 497 Fed. App'x 771, 773 (9th Cir. 2012); *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012). Accordingly, 28 U.S.C. § 2244(d)(1)(C) does not apply to this case to provide a later starting point for the limitations period.

Nor is Petitioner entitled to equitable tolling for any other reason. As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. It does not appear that any extraordinary circumstance prevented Petitioner from asserting her rights by timely filing her habeas claim. Finally, Petitioner cannot seriously claim diligence with respect to her claim as she could

have based it on the existing *Strickland* framework prior to the expiration of the
limitations period.

Respondent's motion for summary judgment will therefore be granted, and
the petition for writ of habeas corpus will be dismissed.

## III.  Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28
U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue
"only if the applicant has made a substantial showing of the denial of a
constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the
merits, the substantial showing threshold is met if the petitioner demonstrates that
reasonable jurists would find the court's assessment of the claim debatable or
wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies
relief on procedural grounds without addressing the merits, a certificate of
appealability should issue if it is shown that jurists of reason would find it
debatable whether the petitioner states a valid claim of the denial of a
constitutional right, and that jurists of reason would find it debatable whether the
district court was correct in its procedural ruling. *Id.*  The Court concludes that
jurists of reason could not debate the Court's procedural ruling. The Court will also
deny Petitioner permission to appeal in forma pauperis because any appeal would
be frivolous.

## IV. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of

habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and

permission to appeal in forma pauperis are **DENIED**.


Dated:  July 31, 2015                             s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE


## Certificate of Service

I hereby certify that this Order was electronically submitted on July 31,
2015, using the CM/ECF system, which will send notification to all parties.

                                                  s/A. Chubb
                                                  Case Manager